CHARLES A. KIDDER, Plaintiff, *v.* MARY A. HESSELMAN, Defendant.

Supreme Court, New York Special Term, October, 1922.

Conversion — plaintiff must have right to possession — practice — judgment on pleadings — when written statements of defendant are not "admissions" under section 476, Civil Practice Act — when decision on motion for injunction res adjudicata as to sufficiency of complaint.

Unless personal property is detained from one having not only the title but immediate right to possession, an action for conversion will not lie.

Where allegations of a complaint in conversion as to plaintiff's right to possession are denied by an answer which admits the title of plaintiff to the property in question, a demand for its return and defendant's refusal to comply, the plaintiff is not entitled to judgment on the pleadings.

While defendant's written statements tending to show that plaintiff was entitled to a return of the property and that defendant withholds the same without excuse would be competent evidence against defendant upon the ground that they were admissions, they are not conclusive and are not "admissions" within the meaning of section 476 of the Civil Practice Act.

The admissions referred to in the Civil Practice Act are admissions made in the action as such which are intended to have the same conclusive force as an admission in the pleadings, but under section 476 of said statute the court where there is an issue to be tried cannot upon a motion for judgment on the pleadings examine into the proofs.

Upon plaintiff's motion for judgment on the pleadings the defendant under rule 112 of the Rules of Civil Practice has a right to have the complaint examined and to have it dismissed if it fails to state a cause of action.

Where, however, the question whether the complaint stated a cause of action was necessarily involved in the determination of a previous motion for an injunction *pendente lite* which was granted by consent, the court will not re-examine the question and both the motion of plaintiff and the countermotion of defendant for a dismissal of the complaint will be denied.

MOTION for judgment on the pleadings.

*Safford A. Crummey*, for plaintiff.

*George W. Curry*, for defendant.

TIERNEY, J. This is a motion by the plaintiff for judgment upon the pleadings. The action is for conversion. The answer admits the title to the property in question of the plaintiff and a demand for its return and refusal. These allegations are not sufficient to constitute a cause of action. In innumerable instances property owned by one party is rightfully in the possession of another with no right to demand its return. There is no conversion unless the property is detained from one having not only title but immediate right to possession. The other allegations of the complaint showing the right to possession are denied by the answer. The plaintiff is, therefore, not entitled to a judgment on the pleadings. The plaintiff also bases his motion on admissions of the defendant. These are presented by an affidavit of the plaintiff's attorney that the defendant has made statements in writing that show that the plaintiff is entitled to a return of the property and that the defendant withholds the same without excuse. He cites section 476 of the Civil Practice Act as authority for awarding judgment " if warranted by the pleadings or admissions of a party or parties." These statements are in one sense admissions of the defendant; that is, they would be competent evidence against her upon the ground that they were admissions. But like other evidence, they are not conclusive and might be met by other proof that would rob them of their force. The admissions referred to in the Civil Practice Act are admissions made in the action as such which are intended to have the same conclusive force as an admission in the pleadings. For illustration, on the question of the sufficiency of the defense of the Statute of Frauds the plaintiff might stipulate that the agreement sued upon was not in writing where the complaint was silent as to that fact. I think

that the section refers only to instances where no fact is in dispute either upon the face of the pleadings or upon the face of the pleadings supplemented by a conclusive stipulation, and that it is not intended that the court should go outside of this and examine the conduct or statements of a party to find whether he has done something relating to the issues in the action which would constitute sufficient proof for his adversary if not negatived by other proof. Where there is an issue in an action the court does not examine into the proofs except upon a trial, and I do not think that it was intended by the section of the Civil Practice Act that the court should do so on a motion for judgment on the pleadings, because the proof might consist of alleged admissions instead of other form of evidence. This being a motion for judgment on the pleadings the defendant has a right to have the complaint examined and to have it dismissed if it fails to state a cause of action under rule 112 of the Rules of Practice. I find, however, that before this motion was heard by me an application was made for an injunction *pendente lite* and that this was granted. There was necessarily involved in the determination of that motion the question of whether the complaint stated a cause of action, and I do not think that I should re-examine the question. The prior motion seems to have been granted by consent, but it is nevertheless a decision upon the same question by another justice of this court, whose determination I feel bound to follow. The motion of the plaintiff is denied and the counter motion of the defendant is also denied. Order signed.

Ordered accordingly.